IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CHRIS CHAPMAN,

    Plaintiff,

vs.                                                                                             No. 14-1011-JDT-egb

CORRECTIONAL MEDICAL
SERVICES, et al.,

    Defendants.

ORDER OF DISMISSAL
ORDER DENYING ALL PENDING MOTIONS AS MOOT
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

On January 16, 2014, Plaintiff Chris Chapman, inmate number 212223, who is confined as an inmate at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § l983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court issued an order on January 21, 2014, that granted leave to proceed *in forma pauperis* and assessed the civil filing fee. (ECF No. 5.) On March 17, 2014, Plaintiff Chapman filed an amended complaint which he states "is to replace the original originally filed." (ECF No. 10.)

The Clerk shall record the defendants as Correctional Medical Services, Corizon, Centurion, Health Services Administrator Samantha Phillips, Registered Nurse Recie Yanders, Doctor John Hochbery, Deputy Tennessee Department of Correction Commissioner Jason Woodall, and NWCX Warden Henry Steward.

1

Plaintiff Chapman alleges that he was not given adequate medical care for his a broken tooth. (ECF No. 10 at 3-4.) Plaintiff alleges that he first reported the broken tooth on May 17, 2013, but was not seen by a doctor until May 26, 2013. (*Id.* at 4) At that time the doctor scheduled an appointment for Plaintiff with the dentist. (*Id.*) On September 24, 2013, Plaintiff arrived to see the dentist and was told to come back after lunch. (*Id.*) After lunch Plaintiff was told that his appointment must be rescheduled. (*Id.*) Plaintiff's amended complaint does not contain any allegations of the symptoms caused by the broken tooth.

Plaintiff alleges that he reviewed his medical records and discovered a medical report which diagnoses him with scoliosis. (Id. at 4.) Plaintiff alleges that he has never been informed of this diagnosis or offered any treatment. (Id. at 5.) Plaintiff does not allege any symptoms from scoliosis or that he has been diagnosed as needing any treatment.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). " [P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of

a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3, ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.').

"A complaint can be frivolous either factually or legally. *See Neitzke* [*v. Williams*], 490 U.S. [319,] 325, 109 S. Ct. at 1827 [(1989)]. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted. *See id.* at 328-29, 109 S. Ct. 1827." *Hill*, 630 F.3d at 470.

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. As the Sixth Circuit has explained:

> Before the recent onslaught of *pro se* prisoner suits, the Supreme Court suggested that *pro se* complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam). Neither that Court nor other courts, however, have been willing to abrogate basic pleading essentials in *pro se* suits. *See*, *e.g.*, *id.* at 521, 92 S. Ct. at 596 (holding petitioner to standards of *Conley v. Gibson*); *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir.) (duty to be less stringent with *pro se* complaint does not require court to conjure up unplead allegations), *cert. denied*, 464 U.S. 986, 104 S. Ct. 434, 78 L. Ed. 2d 3366 (1983); *McDonald v. Hall*, 610 F.2d 16

3

> (1st Cir.1979) (same); *Jarrell v. Tisch*, 656 F. Supp. 237 (D.D.C. 1987) (*pro se* plaintiffs should plead with requisite specificity so as to give defendants notice); *Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981) (even *pro se* litigants must meet some minimum standards).

*Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Secretary of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants.").

To state a claim under 42 U.S.C. § 1983,[1] a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676.

---

[1]Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

> There must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

*Bellamy*, 729 F.2d at 421 (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his or her subordinates, but fails to act, generally cannot be held liable in his or her individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 727-28 (6th Cir. 1996). The complaint does not allege that Defendants Correctional Medical Services, Corizon, or Centurion, through their own actions, violated Plaintiff's rights. It is clear Plaintiff sues those defendants because they employee the medical personnel at the NWCX. The complaint does not allege that Defendants Woodall and Steward violated Plaintiff's rights. It is clear the Plaintiff sues those defendants because of their supervisory capacities at the NWCX and the TDOC. The claims against Correctional Medical Services, Corizon, Centurion, Jason Woodall, and Henry Steward must be dismissed.

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson*, 501 U.S. at 298; *Williams v. Curtin*, 633 F.3d at 383; *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010). The objective component requires that the deprivation be "sufficiently serious. *Farmer*, 511 U.S. at 834; *Hudson*, 503 U.S. at 8; *Wilson*, 501 U.S. at 298.

Under *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' . . . proscribed by the Eighth Amendment." However, not "every claim by a prisoner that he has not received

5

adequate medical treatment states a violation of the Eighth Amendment." *Estelle*, 429 U.S. at 105. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Id.*, 429 U.S. at 106.

Within the context of *Estelle* claims, the objective component requires that the medical need be sufficiently serious. *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). "A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (quoting *Laaman v. Helgemoe*, 437 F. Supp. 269, 311 (D.N.H. 1977)).

To make out a claim of an Eighth Amendment *Estelle* violation, a prisoner must plead facts showing that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). The Court clarified the meaning of deliberate indifference in *Farmer v. Brennan*, as the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. *Id.* 511 U.S. at 835-36. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. *See Estelle*, 429 U.S. at 106.

When a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims which sound in state tort law. *Westlake*, 537 F.2d at 860 n. 5. Plaintiff Chapman admits that his broken tooth was examined by a doctor and an appointment was made with the dentist. His allegations do not establish any urgent need for dental care. His allegations also fail to establish that his scoliosis is symptomatic or that he has been diagnosed with a need for treatment for his scoliosis. A difference of opinion between a prisoner and medical personnel about diagnosis,

testing, or treatment fails to state an Eighth Amendment claim of deliberate indifference to a serious medical need. *Westlake*, *id.*

Even if medical personnel were negligent in treating and evaluating Plaintiff, that error would amount at most to malpractice. "[A] complaint that a physician [or nurse] has been negligent in treating or failing to treat a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical or nursing malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 105-06. The allegations are insufficient to establish the subjective component of an Eighth Amendment violation.

The Sixth Circuit recently held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 715 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 App'x 4, 5 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Brown*, 511 App'x at 5; *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). The deficiencies in Plaintiff's complaint cannot be cured by amendment because the claims asserted are entirely lacking in merit.

Therefore, the Court DISMISSES the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Judgment shall be entered for all Defendants. All pending motions are DENIED as MOOT. To the extent that Plaintiff believes that the deductions from his trust fund account are being miscalculated by the TDOC, he may communicate with the Court's financial technician by letter in care of the Clerk's office. It is not necessary to file a motion.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any non-frivolous issue. *Id.* at 445-46. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The final matter to be addressed is the assessment of a filing fee if Plaintiff appeals the dismissal of this case. In *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, Plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and 28 U.S.C. § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect on entry of judgment. *See Coleman v. Tollefson*, 733 F.3d 175, 177-78 (6th Cir. 2013).

IT IS SO ORDERED.

<u>**s/ James D. Todd**</u>
JAMES D. TODD
UNITED STATES DISTRICT JUDGE