IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| CHRIS CHAPMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-1011-JDT-egb |
| | ) | |
| CORRECTIONAL MEDICAL | ) | |
| SERVICES, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*
AND ASSESSING ENTIRE APPELLATE FILING FEE

On August 1, 2014, Plaintiff Chris Chapman, Tennessee Department of Correction prisoner number 212223, an inmate at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee, filed notice of appeal from the Court's orders dismissing this case and denying reconsideration. (ECF No. 19.) However, the notice of appeal was not accompanied by an updated application to proceed *in forma pauperis* and a current certified copy of Plaintiff's trust account statement for the last six months, as required by 28 U.S.C. § 1915(a)(2).

The Court issued an order on August 5, 2014, directing Plaintiff to submit the required information or pay the entire $505 filing fee within 30 days. (ECF No. 20.) Plaintiff was warned that if he failed to comply with the order in a timely manner, the Court would "assess

the entire filing fee without regard to the installment payment procedures and . . . notify the Court of Appeals, who may dismiss the appeal for failure to prosecute . . . ." (*Id.* at 3.)

Plaintiff has not complied with the August 5, 2014 order, and the time for compliance has expired.[1] Therefore, the motion for leave to appeal *in forma pauperis* is DENIED.

Notwithstanding the denial of pauper status, the Court is still required to assess the civil filing fee, since the responsibility for paying the filing fee accrues at the time the complaint is filed. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

It is ORDERED that the trust fund officer at Plaintiff's prison shall withdraw from Plaintiff's trust fund account the sum of $505 and forward that amount to the Clerk of this Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the civil filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk. On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk, until the civil filing fee is paid in full. The trust fund officer is not required to remit any balance less than $10, unless that amount would constitute the final installment of the civil filing fee, provided that any balance under $10 is held in custody for

---

[1] Plaintiff appears to have submitted his motion to proceed *in forma pauperis* and trust account statement to the Court of Appeals. By letter dated September 4, 2014, the Case Manager for his appeal advised Plaintiff that he must file his motion and trust account statement in this Court rather than in the Court of Appeals. (ECF No. 22.) However, Plaintiff has not done so.

purposes of paying the civil filing fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into Plaintiff's account to bring the balance to $10.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

>Clerk, United States District Court, Western District of Tennessee
>111 S. Highland Ave., Room 262, Jackson, TN  38301

and shall clearly identify Plaintiff's name and the case number as it appears on the first page of this order. If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

The Clerk is ORDERED to mail a copy of this order to the prison official in charge of prison trust fund accounts at the Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Warden of the NWCX to ensure that the custodian of Plaintiff's inmate trust account complies with this directive.

The Clerk shall also notify the Sixth Circuit of the entry of this order.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE